UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BRICKLAYERS AND ALLIED CRAFTWORKERS SERVICE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>WEST RIVER MASONRY, INC.,<br><br>Defendant. | Civil No. 22-760 (JRT/JFD)<br><br>**MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION TO SHOW CAUSE AND MOTION FOR CONTEMPT AND FOR SANCTIONS** |

Thomas C. Atmore, **MARTIN & SQUIRES, P.A.,** 332 Minnesota Street, Suite W2750, Saint Paul, MN 55101, for Plaintiff.

Plaintiff Bricklayers and Allied Craftworkers Service Corporation ("Bricklayers") has filed two motions in response to Defendant West River Masonry, Inc.'s ("West River") failure to comply with the Court's Order for Judgment: a Motion to Show Cause and a Motion for Contempt and for Sanctions.  Because the Court finds that West River has since complied with the order, the Court will deny both motions.

BACKGROUND

Bricklayers brought this action against West River, seeking injunctive relief and submission of monthly fringe benefit reports and damages due to West River's failure to comply with obligations under a collective bargaining agreement to report and pay employer contributions.  (Compl. ¶¶ 1, 23, 24, Mar. 29, 2022, Docket No. 1.)  West River

failed to respond to Bricklayers' complaint or otherwise defend, and the Clerk of Court entered default judgment. (Clerk's Entry of Default, Apr. 27, 2022, Docket No. 9.) The Court then ordered West River to submit complete and accurate monthly fringe benefit reports to Bricklayers within 14 days of its Order for Judgment. (Findings of Fact at 9, July 12, 2022, Docket No. 24.) West River did not submit the reports to Bricklayers by the deadline.

Bricklayers then filed this Motion for Contempt and Sanctions against West River on August 22, 2022, urging the Court to hold West River and its sole owner, Scott Kroger, in civil contempt and order incarceration or a fine. (Mem. Supp. Mot. Finding Contempt Sanctions at 7, Aug. 22, 2022, Docket No. 35.) Bricklayers also filed a Motion for Issuance of Order to Show Cause, asking the Court to require West River and Kroger to appear before the Court and explain why they should not be held in civil contempt. (Mem. Supp. Mot. Issuance Order Show Cause at 1, Aug. 22, 2022, Docket No. 40.) Bricklayers further requested attorney's fees in both motions. (*Id.* at 4; Mem. Supp. Mot. Finding Contempt Sanctions at 9.)

On August 29, 2022, West River sent Bricklayers the reports. (Aff. Thomas C. Atmore ¶ 3, Sept. 14, 2022, Docket No. 43.)

## DISCUSSION

First, the Court will deny Bricklayers' Motion for Contempt and for Sanctions. "One of the overarching goals of a court's contempt power is to ensure that litigants do not

-2-

anoint themselves with the power to adjudge the validity of orders to which they are subject." *Chicago Truck Drivers Union Pension Fund v. Bhd. Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000). "A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order." *Id.* at 505.

"Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both." *Id*. *See also McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) ("Civil … contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance."). The Court may also impose civil contempt sanctions to compel future compliance with Court orders. *United Mine Workers v. Bagwell*, 512 U.S. 821, 827 (1994). As with the decision whether to impose sanctions, the choice of sanction imposed is within the Court's discretion. *Murphy by Murphy v. Piper*, No. 16-2623, 2018 WL 2278107, at *3 (D. Minn. May 18, 2018). When imposing a coercive sanction, "the Court has broad discretion to design a remedy that will bring about compliance." *United States v. Open Access Tech. Int'l, Inc.*, 527 F.Supp.2d 910, 913 (D. Minn. 2007).

Here, Bricklayers has shown that West River failed to comply with the Court's order by the required deadline. However, West River has since complied with the order and Bricklayers has not shown that it was injured by the delay in receiving the reports—which

Bricklayers received shortly after filing these motions. Therefore, holding West River in contempt and imposing sanctions would neither coerce West River into complying with the Court order nor compensate Bricklayers for any loss. Accordingly, the Court will deny Bricklayers' Motion for Contempt and for Sanctions.

Second, the Court will deny Bricklayers' Motion to Show Cause as moot. Bricklayers has asked the Court to issue an order requiring West River and Kroger to show cause for why they have not complied with the order and why they should not be held in civil contempt. However, West River has since complied with the order and the Court will deny Bricklayers' Motion for Contempt and for Sanctions. Therefore, the Motion to Show Cause is moot.

Lastly, the Court will deny Bricklayers' requests for attorney's fees in both motions. Though courts may award attorney's fees "occasioned by willful disobedience of a court order," those attorney's fees are to be authorized **as part of the fine imposed** due to failure to comply with the order. *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718 (1967) (noting that "an award of attorney's fees may be authorized as part of the fine to be levied on the defendant [in a civil contempt action]"). Here, the Court is not holding West River and Kroger in civil contempt and is not imposing a fine. Therefore, awarding attorney's fees would be inappropriate.

-5-

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Contempt and for Sanctions [Docket No. 33] is **DENIED**.

2. Plaintiff's Motion for Order to Show Cause [Docket No. 39] is **DENIED.**

DATED:  December 9, 2022  
at Minneapolis, Minnesota.

                                                    JOHN R. TUNHEIM  
                                                    United States District Judge